REQUESTED BY: Charles R. Maser, Greeley County Attorney.
What information from a financing statement must a filing officer disclose pursuant to U.C.C. § 9-411?
The filing officer is required to provide the name and address of the debtor, the name and address of the secured party or assignee, a description of the collateral and, probably, the date and time of filing and file number if the filing officer is asked for such information in writing.
By letter dated August 13, 1982, you inquired whether a county clerk or filing officer is required to provide information regarding a U.C.C. filing beyond basic information, which you listed to be the names of the debtor and creditor and the date and time of the filing, in light of Neb.Rev.Stat. U.C.C. § 9-411 (LB 928) approved by the Governor on April 20, 1982. Specifically, you question whether information such as the amount of a lien or the identity of the collateral need be furnished to the person making the inquiry.
From 1980 till the passage of LB 928, § 9-411 required the filing officer to accept and answer both telephone and written inquiries regarding information provided by the filing. This requirement was relaxed in LB 928, which made responding to telephonic inquires permissive on the part of the filing officer.
U.C.C. § 9-411, as recently amended, provides in part as follows: `Telephone inquiries regarding information provided by the filing may be accepted and answered by the filing officer. Written inquiries shall be accepted and answered by the filing officer. . . .'
Information provided by the filing, pursuant to Neb.Rev.Stat. U.C.C. § 9-402 (LB 928) would necessarily include, but not be limited to, the name and address of the debtor, name and address of the secured party or assignee and a description of the collateral. A security agreement may be filed in place of the financing statement if it contains the requisite disclosures. The purpose for the statement is to indicate that the secured party may have a security interest in the described collateral. The details of the security interest would be obtained through contact with the debtor or secured party (Comments to U.C.C. §9-402).
In light of the above, it is our opinion that when a filing officer, whether such officer be at the county or state level, is in receipt of a written inquiry regarding the information provided by the financing statement it would be the officer's duty to do more than confirm that a filing had been made relating to a particular debtor. The identity of the collateral, for example, may be of particular importance to the person making the inquiry.
The difficulty would arise in cases where information in addition to that required by statute is provided by the filing, such as the amount of a lien, and the person making the inquiry requests to be advised of all information disclosed by the filing. Providing this additional data would clearly go beyond the purpose of the legislation. Should this circumstance arise, the filing officer could, if he so desired, communicate such additional information but would only be required to furnish the information which is mandated to be included in the financing statement and, probably, the date and time of filing and file number.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Mark D. Starr Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General